UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NORTHWEST ADMINISTRATORS, INC.,
      Plaintiff,

      v.

ACE PAVING CO., INC.,

      Defendant.

CASE NO. C11-1367-MAT

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Northwest Administrators, Inc. moves the Court for summary judgment against defendant Ace Paving Co., Inc. (Dkt. 11.) This matter was brought pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. (ERISA), and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

Plaintiff is the authorized administrative agent and assignee of the Western Conference of Teamsters Pension Trust (WCTPT), Teamsters Construction Industry Welfare Trust (TCWT), and the Washington Teamsters Welfare Trust (WTWT), which took over as a successor trust for the TCWT in January 2010. Defendant employs members of a bargaining

unit represented by the International Brotherhood of Teamsters Local 589 (Local 589) and is bound by a collective bargaining agreement with the Associated General Contractors of America, Inc., and several Teamsters locals, including Local 589, as well as the TCWT Trust Agreement, which has been replaced by the WTWT Trust Agreement. (Dkt. 12, ¶¶ 14-16, Exs. A-E.) Through those agreements, defendant is required to report and pay monthly contributions for eligible employees. (*Id.*) The trust agreements contain terms as to damages owed as a result of any delinquent contributions, as well as attorney's fees and costs. (*Id.*, ¶¶ 20-27, Exs. A-E.)

Plaintiff now seeks delinquent contributions and associated damages, attorney's fees, and costs for July through October 2011. It attaches remittance reports from defendant for the months in question and a spreadsheet showing the amounts owed, due dates, and calculations of liquidated damages and interest. (*Id.*, Exs. F-H.) Plaintiff notes that a final attorney's fees and costs amount will be submitted to the Court if the motion for summary judgment is granted.

In its answer to plaintiff's complaint, defendant acknowledged the existence of the collective bargaining agreements, but otherwise asserted that its obligations under the agreements were mixed questions of law and fact, and disputed the legal effect of contract language authorizing an award of liquidated damages. (Dkt. 7.) Defendant did not oppose plaintiff's motion for summary judgment. The Court deems defendant's failure to oppose to be an admission that the motion has merit. *See* Local Civil Rule 7(b)(2). The Court also, for the reasons described below, finds plaintiff entitled to summary judgment.

Summary judgment is appropriate when a "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

ERISA obligates participating employers to make contributions to a multi-employer trust fund in accordance with the contract and trust agreement. ERISA Section 515, 29 U.S.C. § 1145. ERISA provides specific mandatory remedies for delinquent contributions, including, in addition to the unpaid contributions, liquidated damages, interest, attorney's fees, and costs. § 1132(g)(2). As noted, defendant also signed trust agreements containing terms as to damages owed as a result of delinquent contributions.

In this case, using defendant's remittance reports, plaintiff calculates total trust fund contributions owed in the amount of $137,013.94 total for the period of July through October 2011. (Dkt. 11 at 8 and Dkt. 12, Exs. G & H.) Plaintiff further calculates that defendant is obligated to pay liquidated damages in the amount of $27,402.79 and interest in the amount of $1,127.11. (*Id.*)

The Court finds no issues of fact regarding either the enforceability of the collective bargaining and trust agreements at issue in this case or plaintiff's entitlement to the total amount of delinquent trust fund contributions, liquidated damages, and interest sought, as well as to plaintiff's entitlement to attorney's fees and costs. Accordingly, plaintiff's motion for summary judgment is hereby GRANTED and plaintiff awarded the delinquent contributions, liquidated damages, and interest requested, and attorney's fees and costs in an amount to be

determined. However, because plaintiff calculated the amounts described above as of December 15, 2011, a revised accounting may now be in order. Plaintiff must also submit a total amount of attorney's fees and costs requested. Plaintiff shall submit such information within **ten (10) days** of the date of this Order.

DATED this 9th day of February, 2012.

/s/ Mary Alice Theiler
Mary Alice Theiler
United States Magistrate Judge

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT
PAGE -4